IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BILLY J. CANNON,

                Plaintiff,

v.                                                                                          OPINION and ORDER

DROST, FLAIR, CHRISTOPHER BUESGEN,                           21-cv-636-jdp
SECURITY DIRECTOR, JOHN DOE, and JANE DOE,

                Defendants.

---

Pro se plaintiff Billy Cannon alleges that officials at his former prison, Stanley Correctional Institution (SCI), retaliated against him for complaining about a "compromised" staff member. Defendants have moved for summary judgment, contending that Cannon failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Dkt. 16. I will grant defendants' motion and dismiss this case without prejudice for failure to exhaust administrative remedies.

BACKGROUND

On September 23, 2021, Cannon received a conduct report for soliciting an employee and lying about an employee. Dkt. 19-1 at 8. Four days later, a Debra Sherman (whose relationship to the parties is unclear) emailed Kevin Carr, the secretary of the Department of Corrections. Dkt. 24-3. Sherman stated that Cannon was being retaliated against for making accusations against a DOC employee and asked Carr to investigate the matter. *Id.* A day later, Sarah Cooper responded that SCI was investigating the matter. Dkt. 24-4.

A disciplinary hearing was held on November 2, 2021, and Cannon was found guilty of soliciting an employee and not guilty of lying about an employee. Dkt. 19-1 at 15. Cannon received 90 days' disciplinary segregation. *Id.*

Construing the evidence in Cannon's favor, Cannon submitted three appeals and supporting documents on or around November 4, 7, and 21, 2021, all of which SCI officials received. *See id.* at 2–7; Dkt. 24-5; Dkt. 24-7. On November 30, 2021, the disposition and sentence were affirmed. Dkt. 19-1 at 1. Cannon received documents from the November 7 appeal with the decision. *See id.* at 2–7; Dkt. 24-15.

On December 22, 2021, the institution complaint examiner received a complaint from Cannon alleging that he had not received documents from some of his appeals. Dkt. 24-11; Dkt. 24-14. On that date, the deputy warden wrote Cannon a letter stating that Cannon had requested "multiple copies from multiple [appeal forms] submitted on the same conduct report." Dkt. 24-12. The letter also stated that, per DOC policy: (1) only one appeal form would be accepted per conduct report; (2) Cannon would not receive multiple decisions; and (3) one copy of the appeal would be returned to Cannon and "any documents submitted with [the] appeal [would] not be returned." *See id.* The institution complaint examiner recommended that the complaint be dismissed and, five days later, the reviewing authority dismissed the complaint. Dkt. 24-13; Dkt. 24-14.

The following day, Cannon filed an inmate complaint asking for confirmation that his appeals and supporting documents dated November 4 and 21, 2021, would be part of the appeal record going forward. *See* Dkt. 24-16. Two days later, the institution complaint examiner rejected the complaint as untimely because it was filed more than 14 days after Cannon received a decision on his appeal. Dkt. 24-17. The institution complaint examiner

noted that an untimely complaint could be accepted for good cause but determined that Cannon did not argue for, and failed to show, good cause. *Id.*

Meanwhile, on October 8, 2021, Cannon filed his complaint in this court. Dkt. 1. I allowed Cannon to proceed on a claim that defendants retaliated against him in violation of the First Amendment after he made accusations against a DOC employee. Dkt. 10. The court issued a scheduling order that provided instructions on how to submit affidavits to support a response to a motion for summary judgment. *See* Dkt. 15 at 5–6, 8.

PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Id.*

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We "take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *See Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

"Under the Wisconsin Administrative Code, to complain about an issue related to a conduct report an inmate must raise the issue at the disciplinary hearing and again on appeal to the warden." *Ajala v. Tegels*, No. 22-cv-286-jdp, 2023 WL 3072782, at *1 (W.D. Wis. Apr. 25, 2023) (citing Wis. Admin. Code DOC § 303.82(1)). "The warden's decision is final with respect to sufficiency of the evidence, but alleged procedural deficiencies must then be pursued through the [DOC's regular complaint process]." *See id.* (citing Wis. Admin. Code DOC § 303.82(4)); *see also Bradley v. Kessnich*, No. 20-cv-562-jdp, 2022 WL 1063815, at *3 (W.D. Wis. Apr. 8, 2022).

The DOC maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. The complaint process starts with a prisoner's filing of a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code DOC § 310.07(2). At the discretion of the institution complaint examiner, "a late complaint may be accepted for good cause." Wis. Admin. Code DOC § 310.07(2). A prisoner "shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." Wis. Admin. Code DOC § 310.07(2).

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

ANALYSIS

Defendants contend that Cannon failed to exhaust administrative remedies because he "did not raise retaliation as a defense to his conduct report [or] . . . file an inmate complaint alleging retaliation." Dkt. 16 at 1; *see also* Dkt. 17; Dkt. 18; Dkt. 19.

4

Cannon contends that he raised his retaliation claim: (1) during his disciplinary hearing; (2) in the missing appeal documents; and (3) in other correspondence with the DOC. *See* Dkt. 24. Cannon submitted several exhibits to support his response, *see id.*, but he failed to submit an affidavit or declaration, or to sign his response under penalty of perjury, *see id.* at 17.

The records from the disciplinary hearing support defendants' contention that Cannon failed to raise the issue of retaliation at that proceeding. *See* Dkt. 19-1 at 14–17; *see also id.* at 8–13. In his response, Cannon contends that the SCI employees who conducted the hearing told him that they "did not want to hear" about his retaliation claim and "refused to type the information into the report because they said it had nothing to do with the conduct report." Dkt. 24 at 12. But Cannon failed to submit an affidavit containing these allegations, and I cannot treat the response as a declaration because Cannon failed to sign it under penalty of perjury. *See DeBruyne v. Equitable Life Assur. Soc. of U.S.*, 920 F.2d 457, 471 (7th Cir. 1990); *Gonzales v. Brevard*, 531 F. Supp. 2d 1019, 1022 (W.D. Wis. 2008); *cf. Owens v. Hinsley*, 635 F.3d 950, 954–55 (7th Cir. 2011). Therefore, Cannon's failure to raise his retaliation claim at the disciplinary hearing is not genuinely in dispute. *Cf. Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) ("[S]ummary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial.").

Defendants' evidence indicates that Cannon failed to raise the issue of retaliation in his appeal of the disciplinary decision. Cannon did not raise this issue in the available appeal records, Dkt. 19-1 at 1–8, which include the cover page of his written appeal and the handwritten attachment, *id.* at 2–8. The warden did not mention retaliation when affirming the decision. *Id.* at 1. Cannon contends, at some length, that he raised the issue of retaliation

in his appeals from November 4 and 21, 2021, but again his unsworn, unverified statements are not admissible evidence. And the mere fact that defendants failed to provide records for the November 4 and 21 appeals does not support a reasonable inference that Cannon raised the issue of retaliation in them. *See Liu v. T & H Mach., Inc.*, 191 F.3d 790, 796 (7th Cir. 1999) ("A party must present more than mere speculation or conjecture to defeat a summary judgment motion.").

Defendants' evidence shows that Cannon failed to file an inmate complaint raising his retaliation claim. *See, e.g.*, Dkt. 18 at 3; Dkt. 18-1. Cannon filed two inmate complaints related to his failure to receive documents from his appeal. *See* Dkt. 24-11; Dkt. 24-12; Dkt. 24-13; Dkt. 24-14; Dkt. 24-16; Dkt. 24-17. But nothing in these records indicates that Cannon complained about "protected conduct that caused [] alleged retaliation." *See Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017). Cannon's failure to file an inmate complaint raising the issue of retaliation is not genuinely in dispute.

Cannon contends that he complained to DOC officials about retaliation on several other occasions. For instance, Cannon alleges that SCI officials interviewed him following his accusations against the DOC employee and contends that he complained to them about retaliation. *See, e.g.*, Dkt. 24 at 8–10. Cannon notes that Cooper acknowledged that SCI was investigating Cannon's allegation of retaliation in her response to Sherman's email. *See id.* at 8–9; Dkt. 24-3; Dkt. 24-4. Cannon also submitted a legal document that he filed in state court alleging retaliation based on his accusations against the staff member. Dkt. 24-2. These communications failed to exhaust Cannon's retaliation claim because they were not a part of the DOC's established procedures for lodging complaints related to conduct reports.

6

*See, e.g.*, *Woodford*, 548 U.S. at 85; *Lockett*, 937 F.3d at 1025; *Lanaghan*, 902 F.3d at 687; *Pozo*, 286 F.3d at 1025; *Tonn v. Meisner*, 669 F. App'x 800, 803 (7th Cir. 2016).

The only reasonable findings to be drawn from the record are that the DOC's administrative remedies were available to Cannon, who participated in his disciplinary hearing and appealed the adverse decision without clearly raising a retaliation claim. Cannon also filed inmate complaints related to his appeal. There is no admissible evidence that DOC officials failed to "respond to a properly filed grievance or otherwise use[d] affirmative misconduct to prevent [Cannon] from exhausting." *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because defendants have shown that Cannon failed to exhaust the administrative remedies that were available to him, I will grant their motion for summary judgment.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 16, is GRANTED. This case is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered May 24, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge