IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BILLY J. CANNON,

                       Plaintiff,

  v.                                                                           OPINION and ORDER

DROST, FLAIR, CHRISTOPHER BUESGEN,                    21-cv-636-jdp
SECURITY DIRECTOR, JOHN DOE, and JANE DOE,

                       Defendants.

---

Pro se plaintiff Billy Cannon moves for reconsideration of my order granting defendants' motion for summary judgment on exhaustion grounds under the Prison Litigation Reform Act (PLRA). Dkt. 36. Cannon asks me to accept a declaration that he did not submit with his response to defendants' motion for summary judgment and, in view of the declaration, vacate my order granting that motion. Defendants did not respond to Cannon's motion. I will accept the declaration because Cannon has shown that he submitted it to prison officials for mailing to this court when he submitted his response to them. But even with the declaration, defendants have still met their burden to show that Cannon failed to exhaust administrative remedies. I will deny the motion for reconsideration.

BACKGROUND

I allowed Cannon to proceed on a claim that defendants retaliated against him in violation of the First Amendment after he complained that former DOC employee Officer Sanchez was allegedly "compromised." Dkt. 10. Defendants moved for summary judgment on exhaustion grounds. Dkt. 16. Cannon submitted several exhibits to support his response but

failed to submit an affidavit or declaration, or sign his response under penalty of perjury. *See* Dkt. 34 at 5.

In granting defendants' motion, I determined that the evidence showed that Cannon failed to raise the issue of retaliation at his disciplinary hearing. *Id.* I did not consider Cannon's response that prison officials frustrated his ability to raise the issue of retaliation at his disciplinary proceeding because it was not sworn or verified. *Id.*

Cannon now moves for reconsideration, contending that he submitted a declaration supporting his response to prison officials for mailing to this court. Dkt. 36. Defendants did not respond to the motion on time. Dkt. 38. Defendants then filed a motion for extension of time to respond to the motion for reconsideration, which the court denied. Dkt. 40 and Dkt. 41.

ANALYSIS

**A. Motion for reconsideration standard**

I will evaluate Cannon's motion for reconsideration under Federal Rule of Civil Procedure 59(e) because he filed it within 28 days of my final judgment. *See* Fed. R. Civ. P. 59(e). To prevail on a motion for reconsideration under Rule 59(e), Cannon "must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

**B. PLRA exhaustion standard**

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "The exhaustion requirement's primary purpose is to alert the state to the problem and invite

corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Id.*

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We "take a strict compliance approach to exhaustion." (alteration adopted)).

"Under the Wisconsin Administrative Code, to complain about an issue related to a conduct report an inmate must raise the issue at the disciplinary hearing and again on appeal to the warden." *Ajala v. Tegels*, No. 22-cv-286-jdp, 2023 WL 3072782, at *1 (W.D. Wis. Apr. 25, 2023) (citing Wis. Admin. Code DOC § 303.82(1)). "The warden's decision is final with respect to sufficiency of the evidence, but alleged procedural deficiencies must then be pursued through the [DOC's regular complaint process]." *See id.* (citing Wis. Admin. Code DOC § 303.82(4)); *see also Bradley v. Kessnich*, No. 20-cv-562-jdp, 2022 WL 1063815, at *3 (W.D. Wis. Apr. 8, 2022).

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

**C. Analysis**

Cannon contends, and defendants have not disputed, that he submitted a declaration with his response but that prison officials did not put the declaration in the envelope containing

3

his response, causing the court not to receive it. Cannon's evidence supports this contention. *See* Dkt. 37-1. So I will reconsider defendants' motion for summary judgment in view of Cannon's declaration and the other evidence.

Defendants contend that Cannon failed to exhaust his retaliation claim because he allegedly did not: (1) raise retaliation as a defense to his conduct report during his disciplinary hearing for the charges of soliciting an employee and lying about an employee; (2) raise retaliation as a defense in his appeal of the hearing committee's finding of guilt for soliciting an employee (Cannon was found not guilty on the other charge); or (3) file an inmate complaint alleging retaliation. Dkt. 17 at 9; Dkt. 18 ¶ 10–12; Dkt. 18-1.

Regarding the first contention, Cannon declares that he told nondefendant Lt. Parks, who was transcribing the proceedings, that "the conduct report and this process was [sic] an act of retaliation," but that Parks refused to type that statement into the record, telling him that it was irrelevant to the conduct report. Dkt. 43 ¶ 6. Cannon does not elaborate or provide any other admissible evidence expounding this statement to Parks. This statement was insufficient to exhaust administrative remedies because Cannon did not "identify[] the protected conduct" (his accusation against Sanchez) that allegedly caused prison officials to issue the conduct report and start disciplinary proceedings. *See Ajala*, 2023 WL 3072782, at *2. The disciplinary hearing was based on allegations that Cannon solicited and lied about Sanchez. So perhaps Parks or the hearing committee could have surmised that, by stating that the conduct report and disciplinary proceedings were retaliatory, Cannon meant that his complaints about Sanchez being "compromised" caused these actions. But, without more evidentiary support, this is too great an inferential leap to withstand summary judgment. *See Liu v. T & H Mach., Inc.*, 191 F.3d 790, 796 (7th Cir. 1999) ("A party must present more

4

than mere speculation or conjecture to defeat a summary judgment motion."); *cf. Ajala*, 2023 WL 3072782, at *2 (defense giving hearing examiner notice that prisoner believed the conduct report to be incorrect did not give examiner notice that it was retaliatory).

In sum, no reasonable juror could conclude that Cannon's unexplained allegation of retaliation during the disciplinary proceeding gave prison officials notice of the protected activity underlying his retaliation claim. And the rest of the evidence indicates that Cannon did not otherwise raise the issue of retaliation during his disciplinary hearing. So I will deny Cannon's motion for reconsideration. Consequently, I need not reach defendants' argument that Cannon failed to raise retaliation as a defense in his appeal of the hearing committee's finding of guilt or file an inmate complaint alleging retaliation. *See Ajala*, 2023 WL 3072782, at *2 ("Ajala argues that he made the retaliation issue clear in an inmate grievance he filed after his disciplinary proceedings, but that is irrelevant because he was required to exhaust his retaliation claim at each step of the administrative process, which in this case included his disciplinary proceedings.").

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration, Dkt. 36, is DENIED.
2. The clerk of court is directed to send plaintiff a copy of this order.

Entered September 26, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge